IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SAMUEL ALLEN JACKSON,

  Appellant,

v.

STATE OF FLORIDA,

  Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-144

_____/

Opinion filed March 3, 2017.

An appeal from the Circuit Court for Duval County.
Angela Cox, Judge.

Andy Thomas, Public Defender, and William Pafford, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

ROWE, J.

  Samuel Allen Jackson appeals his judgment and sentence for aggravated battery with a deadly weapon. We affirm all issues raised in his appeal and write only to address Jackson's argument that the trial court erred in admitting a photograph depicting the victim's injuries. Jackson argues that the photograph was not relevant, was inflammatory, and had a high probability of creating unfair

prejudice. We disagree. Because the photograph was relevant to prove that Jackson used a deadly weapon in the course of the battery and the photograph was not shocking in nature, the trial court did not err in admitting the photograph into evidence.

"[E]vidence of victim injury, even where not an element of the offense charged, is admissible if otherwise relevant." T.B. v. State, 669 So. 2d 1085, 1086 (Fla. 4th DCA 1996) (en banc). Photographic evidence of injuries in an aggravated battery case may be relevant to determine whether a battery occurred in the first place, and if the charge is aggravated battery with a deadly weapon, to demonstrate that the weapon in question was used in a manner that would qualify it as a deadly weapon. Id.; see also Brooks v. State, 726 So. 2d 341 (Fla. 5th DCA 1999) (holding that evidence of the victim's injuries was relevant to corroborate that a battery took place and that the wooden-handled kitchen knife used in that battery qualified as a deadly weapon).

Here, the photograph at issue was offered by the State to prove that Jackson used the knife in a manner that would allow the knife to qualify as a deadly weapon when he stabbed the victim. § 784.045(1)(a)2., Fla. Stat. (2014). The victim sustained two stab wounds on the side of his back and two in his chest. The photograph depicted the victim lying on a hospital bed wearing a breathing mask and with IV tubes running to his body. The photograph also showed gauze on the

2

victim's chest, where he was stabbed twice. Other photographs were admitted into evidence without objection, but those showed close-up views of the stab wounds. The photograph of the victim in the hospital bed indicated to the jury in a way that other subsequent photographic exhibits submitted by the State could not, the location of the stab wounds, specifically, the proximity of those wounds to the victim's heart. Thus, the photograph was relevant to whether Jackson used the knife in a deadly manner.

Further, the photograph's relevance was not substantially outweighed by the danger of undue prejudice. The Florida Supreme Court explained the standard for admitting graphic photographs of a victim:

> This Court has long followed the rule that photographs are admissible if they are relevant and not so shocking in nature as to defeat the value of their relevance. Where photographs are relevant, "then the trial judge in the first [instance] and this Court on appeal must determine whether the gruesomeness of the portrayal is so inflammatory as to create an undue prejudice in the minds of the jury and [distract] them from a fair and unimpassioned consideration of the evidence." We have consistently upheld the admission of allegedly gruesome photographs where they were independently relevant or corroborative of other evidence.

Hertz v. State, 803 So. 2d 629, 641 (Fla. 2001) (quoting Czubak v. State, 570 So. 2d 925, 928 (Fla. 1990)).

The photograph of the victim in this case could not be described as gruesome or graphic. It did not depict significant amounts of blood. In fact, the victim's wounds were covered by gauze. Further, the victim had recovered by the time of

3

trial and the jury was instructed that its "verdict should not be influenced by feelings of prejudice, bias or sympathy."

The photograph was not shocking in nature; other photographs depicting the victim's injuries were admitted into evidence; the victim had fully recovered by the time of trial; and the jury was instructed appropriately to avoid acting out of prejudice, bias, or sympathy. Therefore, the danger of unfair prejudice did not outweigh the photograph's relevance.

For these reasons, Jackson's judgment and sentence are AFFIRMED.

LEWIS and KELSEY, JJ., CONCUR.